UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALITA QUEIROS,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION, et al.,<br><br>    Defendants. | Case No. 17-cv-03174-SI<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 4, 15 |

Before the Court are plaintiff Talita Queiros's motion to remand this case to Alameda County Superior Court, Dkt. No. 15, and defendant Target Corporation's ("Target's") motion to dismiss for failure to state a claim, Dkt. No. 4. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing set for August 25, 2017. For the reasons set forth below, the Court GRANTS plaintiff's motion to remand and DENIES AS MOOT defendant's motion to dismiss.

**BACKGROUND**

Plaintiff brings this action after an electric shopping cart injured her ankle on July 12, 2016 at a Target store in Daly City, CA. Compl. (Dkt. No. 1-1) at Prem. L-1. Plaintiff alleges that the defendants, Target and store manager Shawn Shugrue, "failed to properly maintain their electric shopping carts" used by Target customers. *Id.* Specifically, plaintiff alleges that the motorized electric shopping cart that injured her Achilles tendon lacked proper safety wheels to protect and guard the metal corners of the cart. *Id.*

Plaintiff filed this action on April 24, 2017 in the Alameda County Superior Court and served defendants on May 5, 2017. *See* Notice of Removal (Dkt. No. 1) ¶¶ 8-9. In her complaint,

1 plaintiff brings two causes of action: (i) for premises liability, against both defendants; and (ii) for
2 products liability, against Target. Compl. at Prem. L-2. First, plaintiff alleges that both
3 defendants "negligently owned, maintained, managed and operated the described premises." *Id*.
4 Second, plaintiff asserts that the electric shopping cart was defective "when it left the control of
5 each defendant" and proximately caused her injury. Compl. at Prod. L-2, L-4. As a result,
6 Plaintiff seeks to recover lost wages, hospital and medical expenses, general damages, and
7 damages for lost earning capacity. Compl. ¶ 11. Plaintiff seeks compensatory damages in excess
8 of $75,000. Compl. ¶ 14.

On June 2, 2017, Target filed a Notice of Removal in this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal (Dkt. No. 1). Target alleges that "Shawn Shugrue was not involved in [the] incident and his inclusion is a sham calculated to defeat diversity." *Id.* ¶ 5. Therefore, Target maintains that this Court has jurisdiction over this matter because, when disregarding Shugrue (a California citizen), the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *Id*. ¶ 7.

On June 19, 2017, plaintiff moved to remand this action to Alameda County Superior Court. Mot. to Remand (Dkt. No. 15). Plaintiff argues that Shugrue is a properly named defendant because he knew that the electric cart in question was defective, *i.e.*, missing its rubber wheel guards, that he knew this for a year, that he neglected to repair the defective cart, and that he refused to assist plaintiff after she suffered injury in the store. Mot. to Remand at 4. In addition, plaintiff argues that Target's removal was "procedurally improper, because not all defendants who had been served consented to removal." *Id*.

### LEGAL STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between,

2

*inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332.

A motion to remand is the proper procedure for challenging removal. A district court may order remand to state court either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (U.S.1921)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). Any doubt as to the right of removal must be resolved in favor of remand to state court. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

## DISCUSSION

Target argues that removal is appropriate on diversity grounds because Shawn Shugrue, the Target store manager, is a "sham" defendant, and thus his citizenship should be ignored for purposes of diversity jurisdiction. Plaintiff argues that Shugrue is a properly named defendant because as the manager of the Target store where plaintiff's injury occurred, Shugrue was responsible for safe maintenance of the store and he failed to fix the defective cart that caused plaintiff's injury. Complaint at Prem. L-5.

A party is considered a "sham" or "fraudulently joined" defendant if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Food Corps.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). The defendant invoking removal jurisdiction may "present the facts showing the joinder to be fraudulent." *Id*. In demonstrating fraudulent joinder, "[t]he defendant need not show that the joinder of the non-diverse party was for the purpose of preventing removal. Instead, the defendant must demonstrate

3

that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (citing *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). "The district court[] . . . must resolve all disputed questions of fact in favor of the Plaintiff." *Id.* (citing *Dodson*, 951 F.2d at 42).

Plaintiff states that Shugrue knew about the dangerous condition of this particular cart for a year prior to plaintiff's injury. Mot. to Remand (Dkt. No. 15) at 4. Plaintiff further alleges that Shugrue "did nothing to fix the broken cart, despite the fact that he was responsible for all store operations." Plaintiff also states that Shugrue refused to help her after she was injured in the store and that he refused to take an injury report or otherwise offer assistance. Target disputes much of this characterization, and argues that Shugrue was not even present at the Target store on the date of the incident. Target further argues that plaintiff's allegations "are unsupported by admissible evidence." Opp'n (Dkt. No. 22) at 2.

Target has not met its burden of establishing federal jurisdiction by demonstrating that Shugrue is fraudulently joined. The complaint is skeletal, but the Court cannot say that "there is no possibility that the plaintiff will be able to establish a cause of action'" in state court against Shugrue. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Accordingly, plaintiff's motion to remand is GRANTED. Defendant's motion to dismiss is DENIED AS MOOT. Plaintiff's request for fees is DENIED.

///

///

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS plaintiff's motion to remand this case Alameda County Superior Court, DENIES AS MOOT Target's motion to dismiss, and DENIES plaintiff's request for fees. This action is REMANDED to Alameda County Superior Court.

This order resolves Dkt. Nos. 4, 15. The Clerk of Court is hereby directed to close the file.

**IT IS SO ORDERED**.

Dated: August 17, 2017

SUSAN ILLSTON
United States District Judge